

**United States Department of Justice**

***Randolph J. Bernard***
***Acting United States Attorney***
*United States Attorney's Office*
*Northern District of West Virginia*

March 30, 2021

Barry Beck
308 W. Burke Street
Martinsburg, WV 25401

    In re:   United States v. William Eugene Wright, IV

Dear Mr. Wright:

    This will confirm conversations with you concerning your client, William Eugene Wright IV, (hereinafter referred to as "Defendant").  All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

    It is agreed between the United States and your client as follows:

    1.    Defendant will plead guilty by Information to **Distribution of Child Pornography**, in violation of Title 18, United States Code, Section 2252A(a)(2)(B).

    2.    The maximum penalty to which Defendant will be exposed by virtue of his plea of guilty, as stated in paragraph 1 above is: imprisonment for a period of not less than five years and not more than twenty years, a fine of $250,000.00, and a term of at least 5 years and up to a lifetime of supervised release.

    It is further understood by Defendant that there is a special mandatory assessment of $100.00 (18 U.S.C. § 3013) per felony conviction **which must be paid within 40 days following entry of his plea** by money order or certified check to the United States District Court.  It is also understood that Defendant may be required by the Court to pay the costs of his incarceration, supervision, and probation.

    Finally, Defendant is aware that, unless he is determined to be indigent, he will be required to pay an additional special assessment of $5,000.00 under the Justice for Victims of Trafficking Act, Title 18, United States Code, Section 3014(a)(3).

| | |
|---|---|
| *William Eugene Wright IV* | 4/12/21 |
| William Eugene Wright IV | Date |
| Defendant | |
| *Barry P. Beck* | 4/12/21 |
| Barry Beck, Esq. | Date |
| Counsel for Defendant | |

- 1 -

3.     Defendant will be completely forthright and truthful with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

4.     A.     Nothing contained in any statement or any testimony given by Defendant, pursuant to paragraph 3, will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

   B.     This agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.

   C.     In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of paragraph 3 above.

5.     At final disposition, the United States will advise the Court of Defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.

6.     There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or Defendant's counsel as to what the final disposition in this matter should and will be. This agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B); however, Defendant understands that the Court is **not** bound by these sentence recommendations, and that Defendant has **no** right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

7.     The United States will make the following **nonbinding** recommendations:

   A.     If, in the opinion of the United States Attorney's Office, Defendant accepts responsibility and if the probation office recommends a two-level reduction for

_____        4/12/21
William Eugene Wright IV                 _____
Defendant                                Date

_____        4/12/21
Barry Beck, Esq.                         _____
Counsel for Defendant                    Date

- 2 -

"acceptance of responsibility," as provided by Guideline 3E1.1, then the United States will concur in and make such recommendation;

B.    Should Defendant give timely and complete information about his own criminal involvement and provide timely notice of his intent to plead guilty, thereby permitting the United States to avoid trial preparation **and** if he complies with all the requirements of this agreement, **and if the Defendant is eligible under the "Guidelines,"** then United States will recommend an additional one level reduction, so long as Defendant executes the plea agreement on or before **Monday, April 12, 2021,** and returns an executed copy to the United States by that day;

C.    The United States will recommend that any sentence of incarceration imposed should be within the applicable guideline range.

8.    If in the opinion of the United States, the Defendant either engages in conduct defined under the Applicable Notes of Guideline 3C1.1, fails to cooperate as promised, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the Defendant will not have the right to withdraw the plea.

9.    Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree as follows:

On or about July 18, 2017, William Wright uploaded 10 images of child pornographic via the application Tumblr from his user account (uppy1878), using the IP address (24.126.11.7) from his home at 55 Bridle Path Drive in Berkeley County, West Virginia within the Northern District of West Virginia. The uploads included 6 jpeg files, 1 mp4 file, and 3 Gif files. All files were of pubescent teenage males of a questionable age being between ages 14 to 17 years of age. All of said files include males fully naked engaging in acts such as masturbation, oral sex, and taking selfie style pictures with a cell phone while holding their penises. The images were minors engaged in sexually explicit conduct.

Between July 21-September 18, 2017, Mr. Wright participated in a child pornography group utilizing the KIK application wherein the group members distributed, advertised, facilitated, discussed, accessed numerous videos and images of child pornography. Mr. Wright provided numerous images of child pornography via a dropbox link. The images included prepubescent boys being anally raped or involved in various sex acts with adults.

On March 15, 2018, the West Virginia State Police executed a search warrant on the Bridle Path residence. Mr. Wright acknowledged he is the user associated with uppy1878 on Tumblr and maximusdecimue1984 on KIK. Mr. Wright identified the accounts as his and that his live-in partner was not involved in the uploads. Law enforcement seized the Apple iPhone 7 Plus, (Model A1661), from Mr. Wright and forensic analysis using Cellebrite Reader and Magnet Axiom Examine revealed possession of

William Eugene Wright IV
Defendant

Date    4/12/21

Barry Beck, Esq.
Counsel for Defendant

Date    4-12-21

- 3 -

child pornography on the cell phone and self-produced videos taken by Mr. Wrights, which were his attempts to produce images of child pornography. The images contain meta data and location data placing their creation to 55 Bridle Path Drive within the Northern District of West Virginia in 2017. The produced videos included video of a 12-year old minor visiting the home of Mr. Wright. While the minor appears unresponsive, Mr. Wright pulls the child's shorts away from his body recording clear images of his penis. There are also images of a blonde-haired 6-7-year-old bathing with the assistance of Mr. Wright. Mr. Wright adjusts the camera multiple times focusing on the child's penis.

The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation and is not required to accept the same. Defendant understands and agrees that should the Court not accept the above stipulation, Defendant will not have the right to withdraw his plea of guilty.

10.    Defendant is aware that 18 U.S.C. § 3742 affords a Defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, Defendant waives the following rights:

A.  Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all rights to appeal the Defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

B.  The Defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

C.  To challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in this paragraph, however, will act as a bar to Defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

_____          4/12/21
William Eugene Wright IV                  _____
Defendant                                 Date

_____          4/12/21
Barry Beck, Esq.                          _____
Counsel for Defendant                     Date

- 4 -

This waiver of appellate rights is not intended to represent the Defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent Defendant from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

11.     The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Defendant's background, criminal record, the offense charged in the Information and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made by the Court, by Defendant or his counsel.

12.     The defendant agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C. § 3613. Furthermore, the defendant agrees to provide all requested financial information to the United States and the U.S. Probation Office and agrees to participate in a pre-sentencing debtor examination if requested by the U.S. Attorney's Office. The defendant also authorizes the Financial Litigation Unit in the U.S. Attorney's Office to access the defendant's credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. The defendant agrees to complete a financial statement, under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the U.S. Attorney's Office. The defendant further agrees that any schedule of payments imposed by the Court represents the defendant's minimal financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment. If the defendant is sentenced to a period of incarceration, the defendant agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the Court does not specifically direct participation. In addition, the defendant agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In order to pay any outstanding criminal monetary penalties, the defendant agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or employment, to be withheld from his wages, salary or commissions, without prior demand for payment under the Federal Debt

| | |
|---|---|
| William Eugene Wright IV | 4/12/21 |
| Defendant | Date |
| Barry Beck, Esq. | 4/12/21 |
| Counsel for Defendant | Date |

Collection Procedures Act, 28 U.S.C. § 3205. The defendant hereby also waives any exceptions that may be applicable under the Consumer Credit Protection Act, 15 U.S.C. § 1673.

13.    The defendant understands that he may be required to pay restitution to any or all of the victims related to the count of the Information in an amount to be determined by the Court at sentencing, or at a separate hearing on the issue of restitution within (90) ninety days of sentencing, pursuant to 18 U.S.C. §§ 3663 & 3663A. The defendant further understands that he will be required by the Court to pay restitution in the amount of at least $3,000 to any and all victims who are identified, and who specifically requests restitution prior to sentencing, and who can show proof of losses. 18 U.S.C. §2259(b)(2)(B) [Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018] The defendant agrees to pay such restitution to any such victim regardless of whether or not he pleads guilty to the count with which the victim is associated.

14.    Defendant understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in Title 18 of the United States Code for the offenses of conviction.

15.    If Defendant's plea is not accepted by the Court or is later set aside or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

16.    Defendant understands that the forfeiture of property, **Apple iPhone 7 Plus, (Model A1661)**, will be part of the sentence imposed in this case and agrees to their forfeiture. Defendant stipulates to the existence of the requisite forfeiture nexus between the offense conduct underlying this agreement and the foregoing specified property, which is property used or intended to be used to commit or to promote the commission of such offense, or is a visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, or is any book, magazine, periodical, film, videotape, or cellular phone or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18: images, DVDs, and electronic devices seized from the defendant.

Defendant warrants that he is the owner of the property listed above and understands that the property will be forfeited and destroyed. Defendant hereby waives all interest in any property subject to this plea agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant also agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, the announcement of the forfeiture at sentencing, and the incorporation of the forfeiture in the judgment. Defendant agrees to take all steps as requested by the

_____    4/12/21
William Eugene Wright IV              _____
Defendant                            Date

_____    4/12/21
Barry Beck, Esq.                     _____
Counsel for Defendant                Date

- 6 -

United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

Defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant further waives any failure by the Court to advise the defendant of the applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J).

17.     Defendant has been advised and understands that he will be required to register as a sex offender under the Sex Offender Registration and Notification Act, a federal law, and keep such registration current in each of the following jurisdictions: the location of the defendant's residence; the location of Defendant's employment; and, if the defendant is a student, the location of Defendant's school. Registration will require that the defendant provide information that includes name, address of residence, and the names and addresses of any places where the defendant will be employed or a student. The defendant further understands that he must update his registrations within three business days after any change of name, residence, employment, or student status. Defendant understands that failure to comply with these obligations subjects him to prosecution for Failure to Register [18 U.S.C. §2250], a federal felony offense.

18.     The above 17 paragraphs constitute the entire agreement between Defendant and the United States of America in this matter. **There are no agreements, understandings, or promises between the parties other than those contained in this Agreement.**

Very truly yours,

RANDOLPH J. BERNARD
Acting United States Attorney

By:     Kimberley D. Crockett
Assistant United States Attorney

As evidenced by my signature at the bottom of the 7 pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

William Eugene Wright IV          4/12/21
Defendant                         Date

Barry Beck, Esq.                  4/12/21
Counsel for Defendant             Date

- 7 -